Barry S. Glaser, State Bar No. 70968
bglaser@swesq.com
**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
213.229.2868 - Telephone
213.229.2870 - Facsimile

Attorneys for SONOMA COUNTY TAX COLLECTOR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>MYRA ARIN,<br><br>        Debtor. | Case No. 13-10527<br><br>Chapter 13<br><br>**SONOMA COUNTY TAX COLLECTOR'S OBJECTION TO CONFIRMATION OF SECOND AMENDED CHAPTER 13 PLAN; DECLARATION OF HEATHER ARNOLD IN SUPPORT THEREOF**<br><br><u>Hearing on Confirmation of the Plan</u><br>Date:    July 24, 2013<br>Time:   1:30 p.m.<br>Place:   99 South E Street<br>            Santa Rosa, CA 95404 |

**TO: THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 13 TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES HEREIN:**

      The Sonoma County Tax Collector (the "County"), by and through its undersigned counsel, submits this Objection (the "Objection") to the Debtor Myra Arin (the "Debtor")'s Second Amended Chapter 13 Plan (the "Amended Plan") [Docket No. 31], as follows:

**I.    STATEMENT OF FACTS**

      1.    On March 15, 2013, (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On March 15, 2013, the Debtor filed her Schedules [Docket No. 1]. According to Schedule A, the Debtor listed the property described as 1520 Mt. Weske, Windsor, CA (the "Life Estate"), which has a current value of $370,000.00 and a secured claim in the amount of $423,650.50. According to Schedule C, the Debtor claimed $175,000.00 as her homestead exemption. According to Schedule D, the Debtor listed the County for the Life Estate in the amount of $46,650.50 and as undisputed.

3. On April 29, 2013, the Trustee filed a Motion to Dismiss [Docket No. 18], which stated among other things, that 1) the Debtor failed to provide documents for accuracy and consistency as to "Schedule D and Debtor's plan fail to list the first deed of trust lender on property located at 1520 Mt. Weske Drive, Windsor"; 2) the Debtor failed to provide a verification as to how "Schedule A reflects the value of Debtor's real property located at 1520 Mt. Weske, Windsor, California as $370,000.00"; and 3) the Debtor failed to provide a clarification or declaration as to how the Debtor qualify for "Schedule C lists a homestead exemption in the amount of $175,000.00 for Debtor's residence."

4. On May 13, 2013, the Debtor filed a Motion to Determine Value of Claim Secured by Judgment Lien on Property and for Order Avoiding Judgment Lien to Extent It Impairs Debtor's Exemption (the "Motion") [Docket No. 22], which alleged that the Debtor based "her valuation on trying to afix a liquidation value on a life estate that she believes is not saleable to any buyer, other than Applequist." The Motion also stated that "Debtor believes that Applequist is the only party likely to bid at liquidation and that based on is admission that he would be willing to pay $175,000 at liquidation, Debtor asserts that this should be used as the liquidation value of the life estate." In addition, the Motion also stated that "[e]ven if Applequist was willing to pay off the tax lien and Debtor's exemption amount, the total liquidation value would be $221,000, leaving zero value or equity from which the judgment lien could be satisfied." See Motion, pg. 2, lns. 1-2, 16-21.

5. On May 29, 2013, Secured Creditor Roy G. Applequist ("Applequist") filed an Opposition to the Motion and Declaration of Mark Gorton in Support of the Opposition to the Motion [Docket Nos. 26 and 27 respectively]. Attached as Exhibit "B" to the Declaration of Mark

Gorton in Support of the Opposition to the Motion was Declaration of Marshall E. Bluestone in Opposition to Order to Show Cause Why an Order for Sale of Judgment Debtor's Dwelling Should Not Issue filed by the Debtor in the state court action entitled <u>Myra Arin, et al. v. Roy A. Applequiest, et al.</u>, Sonoma County Superior Court Case No. SCV 241142 (the "State Court Action"), filed on November 15, 2012. According to Exhibit "B, " Marshall E. Bluestone, who was the Debtor's attorney in this instant state court action declared under penalty of perjury that "using the total lease value of the three structures at $12,000 per month," and "[a]pplying the yearly lease value, with a 2.5% annual increase in rents, a life estate of 12 years, and a 10% discount value, the present value of Arin's life estate is $1,031,106."

6. On June 6, 2013, the County filed an ad valorem secured real property tax Claim No. 6-1, in the amount of $97,911.76, which defaulted as early as in 2009 through 2011 as well as the Supplemental Assessments from 2009-2012 (the "Secured Tax Claims") as more fully explained below, as follows:

| | |
|---|---|
| Prior Year Taxes 2009-2011 | $49,261.08 |
| Supplemental Assessment 2012 | $21,908.96 |
| Supplemental Assessment 2011 | $9,093.33 |
| Supplemental Assessment 2010 | $8,858.09 |
| Supplemental Assessment 2009 | <u>$8,790.30</u> |
| TOTAL | $97,911.76 |

The 2009-2011 Prior Year Taxes for the Secured Tax Claims have been accruing and will continue to accrue interest at 18% per annum (or 1.5% per month). The 2009-2012 Supplemental Assessments were due without penalties and interest on April 10, 2013 but they have not been paid and as such, additional penalties and interest have assessed and accrued and will continue to accrue. As of June 24, 2013, the Secured Tax Claims is $101,874.81. A true and correct copy of the Secured Tax Claims is attached to the Declaration of Heather Arnold (the "Arnold Decl.") as Exhibit "A."

7. On June 19, 2013 the Debtor filed the Amended Plan.

8. On June 19, 2013, the Debtor filed Amended Schedules [Docket No. 33].

Although the Debtor listed the value of the Life Estate in Summary of Schedules – Amended as $265,000.00, in her Amended Schedule A, she listed the Life Estate as $175,000.00 and no longer claimed homestead exemption under her Amended Schedule C.

## II. ARGUMENT

### A. Debtor's Treatment Of The County's Secured Tax Claims Is Wholly Inadequate And Does Not Conform With The Bankruptcy Code Nor California State Law

9. The Debtor's proposed treatment of the County's Secured Tax Claims in the Amended Plan is again inadequate because the Amended Plan does not disclose or specify the correct amount of the ad valorem taxes that are owed to the County, which constitute real property senior secured claims, along with statutory penalties, interest and charges.

10. Here, although the Debtor listed the County as Class 1 and correctly stated that interest is accruing at 18% per annum, the total claim amount for the Property was listed as $46,650.50. See Amended Plan, pg. 2, Section C, ¶ 2.8.

11. However, the correct amount of the County's Secured Tax Claims is $101,874.81 as of June 24, 2013 and additional penalties, interest, and charges have accrued since the Petition Date, and will continue to accrue.

12. The County is informed and believes and thereby alleges that the Sonoma County Assessor (the "Assessor') recognized a change in ownership for the September 27, 2001 transfer of the Life Estate after discovery of the recorded 2011 court judgment in the State Court Action finding the 2001 agreement to have transfer the Life Estate from Applequist to the Debtor. A true and correct copy of the State Court Judgment is attached to the Arnold Decl. as Exhibit "C." The Assessor recognized the 2001 change in ownership, and change to base year value, but could only make corrections to the present roll (2012) and the three prior years (2011, 2010, and 2009). Hence, Supplemental Assessments were issued for 2009, 2010, 2011, and 2012.

13. When there is a change in ownership, the Assessor values the property as a fee simple interest, even when what triggered the change in ownership may have been the creation or termination of a life estate. The BOE has enacted a Property Tax Rule (18 CCR 462.060) that

deems the creation of a life estate to be a change in ownership, meaning the equivalent of the transfer of the fee interest in the property. (<u>See</u> <u>also</u> Rev. and Tax Code sections 60 and 61) As such, the Assessor has to value the fee interest in the property upon such a "change in ownership".

14. Here, the Supplemental Assessments were issued after the court judgment was recorded in 2011. The Debtor had 60 days from the date of mailing the escape assessments to appeal them.

15. However, the County is informed and believes and thereon alleges that the Debtor or any other party failed to appeal the Supplemental Assessments to the Sonoma County Assessment Appeals Board (the "Appeals Board") within 60 days from the date of mailing the Supplemental Assessments.

16. Section 505 (a)(2)(C) makes it abundantly clear that this Court does not have the jurisdiction to make a determination as to "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired.

## III. RESERVATION OF RIGHTS

17. The County expressly reserves its right to supplement and/or amend this Objection, and to introduce evidence at any hearing relating to this Objection. The County also expressly reserves its right to incorporate any objections filed by other parties with respect thereto.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

18. Based upon the foregoing, the County respectfully requests that this Court (i) sustain its Objection to the Confirmation of the Amended Plan; (ii) deny approval of the Amended Plan in order to provide for the correct amount of the County's Secured Tax Claims, which shall be allowed, in full, with redemption interest accruing at 18% per annum (1.5% per month), and 10% delinquent penalty. and other charges/costs as allowed by State Law; and (iii) provide such further relief as the Court deems just and proper.

Dated: July 2, 2013　　　　　　　　　　**STECKBAUER WEINHART, LLP**

By: 　*/s/ Barry S. Glaser*
　　　Barry S. Glaser
Attorneys for SONOMA COUNTY TAX COLLECTOR

# DECLARATION OF HEATHER ARNOLD

I, Heather Arnold, declare as follows:

1. I am an Account Clerk III for the County of Sonoma, State of California (the "County"), a creditor of Debtor Myra Arin(the "Debtor") in the above-entitled bankruptcy action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto. I have custody and control of the records as they relate to the matters described in this declaration, which records were created and maintained in the files of the County in the ordinary course of business by me or such persons who have a business duty to make and keep such records. The records are made at or near the time of the occurrence of the event or events of which they are a record. I have personally reviewed the County's records as they relate to the matters raised in this declaration and I make this declaration based upon that personal review and upon my personal knowledge.

2. On June 6, 2013, the County filed an ad valorem secured real property tax Claim No. 6-1, in the amount of $97,911.76, which defaulted as early as in 2009 through 2011 as well as the Supplemental Assessments from 2009-2012 (the "Secured Tax Claims") as more fully explained below, as follows:

| | |
|---|---|
| Prior Year Taxes 2009-2011 | $49,261.08 |
| Supplemental Assessment 2012 | $21,908.96 |
| Supplemental Assessment 2011 | $9,093.33 |
| Supplemental Assessment 2010 | $8,858.09 |
| Supplemental Assessment 2009 | $8,790.30 |
| TOTAL | $97,911.76 |

The 2009-2011 Prior Year Taxes for the Secured Tax Claims have been accruing and will continue to accrue interest at 18% per annum (or 1.5% per month). The 2009-2012 Supplemental Assessments were due without penalties and interest on April 10, 2013 but they have not been paid and as such, additional penalties and interest have assessed and accrued and will continue to accrue. As of June 24, 2013, the Secured Tax Claims is $101,874.81. A true and correct copy of the Secured Tax Claims are attached hereto as **Exhibit "A."**

3. The County is informed and believes and thereby alleges that the Sonoma County Assessor (the "Assessor') recognized a change in ownership for the September 27, 2001 transfer of the Life Estate after discovery of the recorded 2011 court judgment in the State Court Action finding the 2001 agreement to have transfer the Life Estate from Applequist to the Debtor. A true and correct copy of the State Court Judgment is attached hereto as **Exhibit "B."** The Assessor recognized the 2001 change in ownership, and change to base year value, but could only make corrections to the present roll (2012) and the three prior years (2011, 2010, and 2009). Hence, Supplemental Assessments were issued for 2009, 2010, 2011, and 2012.

4. When there is a change in ownership, the Assessor values the property as a fee simple interest, even when what triggered the change in ownership may have been the creation or termination of a life estate. The BOE has enacted a Property Tax Rule (18 CCR 462.060) that deems the creation of a life estate to be a change in ownership, meaning the equivalent of the transfer of the fee interest in the property. (See also Rev. and Tax Code sections 60 and 61) As such, the Assessor has to value the fee interest in the property upon such a "change in ownership".

5. Here, the Supplemental Assessments were issued after the court judgment was recorded in 2011. The Debtor had 60 days from the date of mailing the escape assessments to appeal them.

6. However, the County is informed and believes and thereon alleges that the Debtor or any other party failed to appeal the Supplemental Assessments to the Sonoma County Assessment Appeals Board (the "Appeals Board") within 60 days from the date of mailing the Supplemental Assessments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 28, 2013, at Santa Rosa, California.

Heather Arnold

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 S. Hope Street, 36th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): SONOMA COUNTY TAX COLLECTOR'S OBJECTION TO CONFIRMATION OF SECOND AMENDED CHAPTER 13 PLAN; DECLARATION OF HEATHER ARNOLD IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 2, 2013  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David Burchard    TESTECF@burchardtrustee.com, dburchard13@ecf.epiqsystems.com
- Barry S. Glaser    bglaser@swesq.com
- Mark A. Gorton    mgorton@boutininc.com, cdomingo@boutininc.com
- John H. MacConaghy    macclaw@macbarlaw.com, smansour@macbarlaw.com;kmuller@macbarlaw.com
- Office of the U.S. Trustee / SR    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
- Michele M. Poteracke    mmp@poterackelaw.com, m_poteracke@hotmail.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 2, 2013 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Portfolio Investments II LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 2, 2013 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 2, 2013 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

20007.033/81972.1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE