UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MYRA ARIN,                                               No. 13-10527

                            Debtor(s).
_____/

Memorandum on Motion to Avoid Judgment Lien
_____

       Creditor Roy Applequist has a large judgment lien against the real property of Chapter 13 debtor Myra Arin at 1520 Mt. Weske, Windsor, California. The property is by all accounts quite nice, consisting of about 42 acres with a residence and a 20-horse Victorian barn built in 1891. The property is worth about $1.35 million. However, Arin holds only a life estate, not a fee. She is 76 years old. The parties agree that she is entitled to an exemption of $175,000.00. Arin argues that Applequist's judgment lien impairs this exemption and is accordingly avoidable pursuant to § 522(f)(1)(A) of the Bankruptcy Code.

       The only factual dispute is the value of Arin's life estate. Both parties retained highly qualified appraisers who agreed generally on the method of valuation. Applequist's appraiser valued the life estate at $370,000.00, while Arin's placed the value at $168,000.00.

       If there were no other evidence, the court would accept the value of Arin's appraiser. He appeared on the stand to be much more professional and calm than Applequist's appraiser, who was

1

argumentative and defensive and seemed to be advocating Applequist's position. These qualities are generally quite harmful to an expert's credibility.

Moreover, the Applequist appraiser seemed to discount the very real expenses Arin incurs in order to maintain the property; he valued her life estate as if her obligations were merely those of a tenant under a residential lease when in fact the owner of a life estate has significantly more responsibility. The Applequist appraisal also either did not consider Arin's obligation to pay property taxes at all or valued the obligation at what he thought the taxes should be rather than what they actually are. Aside from these details, the court has a hard time accepting that the value of the life estate of a 76-year-old is worth more than 27% of the value of a fee simple interest in the same property.

Unfortunately for Arin, who is an experienced real estate broker, she has a somewhat mercurial view of the value of her life estate based on what she is trying to sell to a particular court at a particular time. In state court proceedings less than a year ago, she filed a declaration touting her extensive knowledge of real estate values and declaring that the value of her life estate was far higher than even the value now urged by Applequist. When Arin filed her bankruptcy petition, she scheduled the value of her life estate at $370,000.00, the value now asserted by Applequist. She later amended her schedules to value her life estate at $175,000.00. While Applequist does not argue judicial estoppel, these prior inconsistent sworn statements, together with Arin's sworn insistence that she is qualified to give appraisal testimony as if she were an expert, are evidence from which the court concludes that the value of her life estate is considerably higher than she now argues.

From all the facts and circumstances, the court concludes that the value of the life estate is $250,000.00. If the parties agree on the extent that the Applequist lien is avoidable at this value, they shall submit an appropriate form of order. The order shall recite that it is void if Arin's Chapter 13 case is dismissed prior to a Chapter 13 discharge, but not if the case is converted to another chapter. If the parties cannot agree on a form of order, they shall restore this matter to the court's calendar for further hearing.

2

Dated: October 4, 2013

/s/ Alan Jaroslovsky
Alan Jaroslovsky
Chief Bankruptcy Judge