UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MYRA ARIN,  No. 13-10527

                Debtor(s).
_____/

Memorandum on Motion to Vacate Conversion to Chapter 7
_____

      Debtor Myra Arin is 77 years old. Her principal creditor is her son, Roy Applequist, who has a judgment against her for about $446,000.00 with accrued interest. Arin's only significant asset is a life estate in the real property at 1520 Mt. Weske, Windsor, California. The property consists of about 42 acres with a residence and a 20-horse Victorian barn built in 1891. The property is worth about $1.35 million. Applequist hold the fee interest in the property, subject to Arin's life estate.

      Arin filed her Chapter 13 petition on March 15, 2013, primarily to stop Applequist's attempts to execute his judgment lien against her life estate and to avoid the judgment lien pursuant to § 522(f)(1)(A) of the Bankruptcy Code. Arin's bankruptcy attorney was Michele Poteracke.

      By late September of 2013, Arin still had not obtained confirmation of a Chapter 13 plan of reorganization but had obtained a finding from the court that Applequist's judgment lien was either completely or mostly avoidable. On October 7, 2013, Poteracke sent Arin a three-page letter outlining Arin's options in detail.[1]

      In the letter, Poteracke told Arin that Chapter 13 was not going to work, as avoiding the Applequist lien put Arin over the Chapter 13 debt limit for unsecured debt. Poteracke told Arin that

---

[1] Poteracke wrote a letter because relations between her and Arin were strained. Arin has herself produced the letter, waiving the attorney-client privilege.

dismissal of the Chapter 13 case, which Arin had a right to do, was not a viable option because that would reinstate the Applequist judgment lien. Poteracke therefore advised Arin to convert her case to Chapter 7.

Arin called Poteracke after receiving the letter and agreed that they should convert the case to Chapter 7. Arin met with Poteracke on November 1, 2013, at which time Arin signed several forms necessary for conversion. Poteracke filed the forms, together with notice of the conversion, on November 5, 2013.[2] Notice of conversion went out to all parties, including Arin, on November 21, 2013.

On December 6, 2013, counsel for Chapter 7 trustee Linda Green filed a motion for approval of a sale of Arin's life estate to Arin. The motion acknowledged Arin's $175,000.00 exemption and recited that this amount would be paid to Arin upon close of escrow.

The possibility of a sale of the life estate was not discussed in Poteracke's letter of October 7. When Arin realized a sale could be ordered in Chapter 7, she fired Poteracke and filed a declaration seeking conversion back to Chapter 13, arguing that Poteracke had converted the case without her knowledge or consent. On January 15, 2014, she filed a rambling opposition to the sale, alleging that she never signed any papers relating to the conversion or agreed to conversion.

On January 28, 2014, Arin hired new counsel. Two days later, new counsel filed a motion to convert the case back to Chapter 13, along with a declaration in which Arin again alleged that she never agreed to conversion and never signed the amended schedules and other documents filed on November 5. That motion is now before the court.

At the preliminary hearing on the motion, the court pointed out that it could not grant the motion as styled because all parties agreed that Arin is not eligible for Chapter 13. However, the gist of the motion was not for reconversion to Chapter 13 but for vacation of the conversion to Chapter 7

---

[2]Pursuant to Rule 1017(f)(3) of the Federal Rules of Bankruptcy Procedure, conversion from Chapter 13 to Chapter 7 is done by simple notice. The notice need only be executed by counsel; verification is not required.

2

on grounds that the conversion was not authorized. All parties agreed that the motion should be so construed, and the court set a quick evidentiary hearing.

The court begins its analysis by noting that Arin has proved herself unworthy of any credibility. She has complete disregard for the truth. She twice swore under penalty of perjury that she did not sign the November 5 schedules, yet Poteracke produced the original signed pleadings clearly executed by Arin.[3] These false statements were cavalierly shrugged off by Arin, blaming her age and confusion over the legal process. However, Arin has demonstrated complete understanding of the proceedings and a clear mind. She has not shied from announcing herself as an expert in matters when her interests were at stake. The court noted Arin's prior inconsistent sworn statements in considering her motion to avoid the Applequist judgment lien. The court has no doubt that Arin will do and say anything to keep possession of her life estate regardless of the truth.

It is clear from Poteracke's testimony that Arin agreed to convert the case as Poteracke had recommended and signed all of the necessary paperwork with full knowledge that she was converting to Chapter 7. Only when Green sought to sell the life estate to Applequist did Arin decide that she did not want to be in Chapter 7. Her grounds for seeking to vacate the conversion are completely fabricated.

For the foregoing reasons, the court will deny Arin's motion to convert back to Chapter 13, which the court has construed as a motion to vacate the conversion to Chapter 7. Counsel for Green shall submit an appropriate form of order.

Dated: March 12, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

---

[3] Court rules provide that when a sworn document is filed electronically by an attorney the attorney must maintain the original "wet" signature and produce it when required. Poteracke complied with the rule.